# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jared Robert Hedeen,                              Case No. 22-cv-2278 (NEB/DTS)

    Petitioner,

v.                                                **REPORT AND RECOMMENDATION**

Jared Rardin

    Respondent.

Petitioner Jared Hedeen filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging Respondent failed to apply all his earned First Step Act Time Credits (FTCs) to his early release. If properly awarded those credits, he argues, he is eligible for immediate release or transfer to a Residential Reentry Center (RRC). Because Hedeen has since been transferred to an RRC, there is no longer a live controversy, and the Court recommends the petition be denied as moot.

## FINDINGS OF FACT

The BOP's most recent calculation shows that Hedeen has earned 365 days of FTCs to apply toward early release and 160 days of FTCs toward prerelease transfer to an RRC or home confinement. Valento Decl. Ex. F, Dkt. No. 28. Hedeen argues that his FTCs were miscalculated and misapplied, preventing him from using all his earned credits. Dkt. No. 30. On September 19, 2022, he filed a habeas petition requesting that this Court order the BOP to immediately apply his earned FTCs. Dkt. No. 1 at 8. After he filed his petition, Hedeen's RRC application was approved on January 20, 2023, and he was transferred to an RRC on March 1, 2023. Dkt. No. 32. He was then transferred to

home confinement on April 21, 2023, and has a projected release date of October 14, 2023, after applying 365 days of FTCs. *Id.*

## CONCLUSIONS OF LAW

The Court recommends denying the petition as moot, because there is no longer an ongoing case or controversy. Without a live case or controversy, this Court lacks subject-matter jurisdiction, U.S. Const., art. III, § 2, cl. 1, and the case is moot. *Ali v. Cangemi*, 419 F.3d 722, 723-24 (8th Cir. 2005). "Generally, a claim is moot when 'changed circumstances already provide the requested relief and eliminate the need for court action.'" *Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 791 (8th Cir. 2018) (quoting *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004)). The relief Hedeen sought in his habeas petition—immediate release or transfer to an RRC—has been provided. Because he has been transferred to an RRC, Hedeen has obtained all the relief this Court could provide, rendering his petition moot. *See Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008) (finding that the petitioners' transfer to an RRC while their appeal was pending rendered their claims moot); *Mickelson v. Holinka*, No. 07-3243, 276 F. App'x 527, 2008 WL 1931211, at *1 (8th Cir. May 5, 2008) (same).

Still, certain exceptions allow a court to hear a habeas case even when the petitioner has already received relief. A habeas petition is not moot if

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is properly certified class action suit.

*Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002). None of these exceptions apply here. First, Hedeen has not identified any cognizable collateral injury resulting from his allegedly delayed transfer to an RRC. *See Scheper v. Rios*, No. 19-CV-402, 2020 WL

4060729, at *3 (D. Minn. June 5, 2020) (finding no collateral consequences when the petitioner was "not transferred to home confinement as quickly as he thought he should have been"), *report and recommendation adopted*, No. 19-402, 2020 WL 4059875 (D. Minn. July 20, 2020). Nor is this the type of case that is "capable of repetition yet evading review," since Hedeen will not be incarcerated for this same conduct again. *See In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.*, 487 F.3d 1190, 1193 (8th Cir. 2007) (noting that the capable-of-repetition exception applies when there is a "reasonable expectation" that the same party "will be subjected to the same action again"). The third exception does not apply because the BOP is not "free to resume" Hedeen's incarceration "at any time." Were he to be returned to prison for violating a condition of his prerelease custody, it would be under a different set of facts than those giving rise to his original petition. *See Scheper*, 2020 WL 4060729, at *3. Finally, this case does not involve a class of petitioners. Because none of these exceptions apply and Hedeen has received relief, the petition is moot.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS:

The petition for a writ habeas corpus be **DENIED AS MOOT**.


Dated: August 30, 2023                         s/David T. Schultz_____
                                               DAVID T. SCHULTZ
                                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).